JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Radius Global Solutions LLC

### DEFENDANTS
ARMCO Partners, LLC

**(b)** County of Residence of First Listed Plaintiff: Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Gwinnett County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William C. Katz, Esquire/Silverang, Rosenzweig & Haltzman, LLC
900 E. 8th Ave., Suite 300, King of Prussia, PA 19406/610-263-0115

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Breach of Promissory Note

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 09/23/2020
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _50 W. Skippack Pike, Ambler, PA 19002_

Address of Defendant: _255-265 Mitchell Street, Norcross, GA 30091_

Place of Accident, Incident or Transaction: _Pennsylvania_

---

**RELATED CASE, IF ANY:**

Case Number: _N/A_   Judge: _N/A_   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _9/23/2020_    _/s/ [signature]_ *Attorney-at-Law / Pro Se Plaintiff*    _205086_ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [✓] All other Diversity Cases
    *(Please specify):* _Breach of Promissory Note_

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____    _____ *Sign here if applicable*    _____
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5 2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RADIUS GLOBAL SOLUTIONS LLC | : | CIVIL ACTION |
| v. | : | |
| ARMCO PARTNERS, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| September 23, 2020 | William C. Katz, Esquire | Plaintiff, Radius Global Solutions LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610)263-0115 | (215)754-4934 | wkatz@sanddlawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RADIUS GLOBAL SOLUTIONS LLC**<br>50 W. Skippack Pike<br>Ambler, PA 19002 | : : : : | CIVIL ACTION |
| **Plaintiff,** | : : : | NO. _____ |
| VS. | : : | |
| **ARMCO PARTNERS, LLC**<br>255-265 Mitchell Street<br>Norcross, GA 30091 | : : : : : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff Radius Global Solutions LLC (hereinafter "Plaintiff" or "Radius" or "Lender"), by and through its undersigned counsel, files this Complaint against defendants ARMCO Partners, LLC ("Defendant" or "ARMCO" or "Borrower") arising from a maturity default under a promissory note, and, in support hereof, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Radius Global Solutions LLC is a Minnesota limited liability company with a principal place of business located at 50 W. Skippack Pike, Ambler, PA 19002. The sole member of Radius is NGI Acquisitions LLC ("NGI"), a Pennsylvania limited liability company. The sole member of NGI is Radius Holdings LLC ("Radius Holdings"), a Pennsylvania limited liability company. Each of the members of Radius Holdings are citizens of the Commonwealth of Pennsylvania, and therefore, for purposes of diversity jurisdiction, Radius is deemed a citizen of only the Commonwealth of Pennsylvania.

{01269280;4}

2.      Defendant ARMCO Partners, LLC is a Georgia limited liability company with its principal place of business located at 255-265 Mitchell Street, Norcross, GA 30091.  Upon information and belief, none of the members of ARMCO are citizens of the Commonwealth of Pennsylvania.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are citizens of diverse jurisdictions and the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

4.      Pursuant to paragraph 18 of the Note (as hereinafter defined), the Note was deemed to have been made, executed and delivered in Ambler, Pennsylvania.  See Exhibit 1 at paragraph 18.  As such, venue is appropriate within the Eastern District of Pennsylvania pursuant to 28 U.S.C.§ 1391(b)(2).

## BACKGROUND FACTS

5.      On or about May 1, 2017, Lender and Borrower entered into an Asset Purchase Agreement (the "APA") pursuant to which Lender sold, assigned, transferred and conveyed to Borrower, and Borrower purchased and accepted from Lender certain assets.

6.      A portion of the purchase price under the APA was financed by Lender and secured by a Promissory Note dated May 1, 2017 (the "Note") executed by Borrower in the principal amount of One Hundred Ninety-Five Thousand and 00/100 Dollars ($195,000.00).  A true and correct copy of the Note is attached hereto as Exhibit 1.

7.      Pursuant to the paragraph 4 of the Note, on the 1st day of May in 2018, 2019 and 2020 Borrower is obligated to pay lender the sum of Sixty-Five Thousand Dollars ($65,000.00) plus any accrued but unpaid interest. Exhibit 1 at ¶ 4.

8. Pursuant to paragraph 4 of the Note, the Maturity Date thereunder was May 1, 2020 on which Maturity Date Borrower was obligated to pay "all amounts outstanding under [the Note], including without limitation principal and accrued, but unpaid interest." Exhibit 1 at ¶ 4.

9. Pursuant to paragraph 1 of the Note, no interest would accrue on the unpaid principal balance thereof except as provided in [paragraph 2]. Exhibit 1 at ¶ 1.

10. Pursuant to paragraph 2 of the Note, "[i]nterest will accrue and be payable on the unpaid principal balance hereof following the occurrence of an Event of Default or the final maturity date of this Promissory Note, until paid, at a fixed rate of eighteen percent (18%) per annum." Exhibit 1 at ¶ 2.

11. Pursuant to paragraph 9 of the Note, Borrower is obligated to pay Lender a late charge "equal to five percent (5%) of any past due payment." Exhibit 1 at ¶ 9.

12. Pursuant to paragraph 10 of the Note, it is an Event of Default thereunder if Borrower fails to pay any amount of principal or interest on the date when due, including upon maturity, and "such failure continues unremedied for a period of five (5) Business Days after notice from Lender to Borrower of such failure."

13. Pursuant to paragraph 11 of the Note, upon the occurrence of an Event of Default, Lender is free to pursue its remedies at law or in equity, and further provides that:

> If Lender employs counsel to enforce this Promissory Note by suit or otherwise, Borrower will reimburse Lender on demand for all costs of suit and other expenses incurred in connection therewith, whether or not suit is actually instituted, together with Lender's attorneys' fees.

Exhibit 1 at ¶ 4.

14. Pursuant to paragraph 28, Borrower waived its right to a trial by jury.

15. Borrower failed to make the payment of Sixty-Five Thousand Dollars ($65,000.00) that came due on May 1, 2020.

16. As a result, on June 17, 2020, Lender issued a notice of default, informing Borrower that (a) Lender had assessed a late fee of five percent (5%) or Three Thousand Two Hundred Fifty and 00/100 Dollars ($3,250.00); (b) that interest had begun to accrue at the default rate of eighteen percent (18%) per annum; and (c) demanding immediate payment of all sums due under the Note. A true and correct copy of Lender's June 17, 2020 Notice of Default is attached hereto as Exhibit 2.

17. When payment was not received following Lender's issuance of the June 17, 2020 Notice of Default, by letter dated August 28, 2020 Radius made a second demand for payment, threatening to bring suit if payment was not received by September 4, 2020, and providing Borrower with an accounting of the sums necessary to satisfy the Note as of August 31, 2020 excluding attorneys' fees accrued as to the date thereof. A true and correct copy of Lender's August 28, 2020 letter is attached hereto as Exhibit 3.

18. As of August 31, 2020, the sum necessary to satisfy the note in full, excluding attorneys' fees was Seventy-Two Thousand One Hundred Ninety-Two and 74/100 Dollars ($72,192.74). Exhibit 3.

19. By email dated September 8, 2020, sent in response to Lender's August 28, 2020 letter, Borrower, by and through its CEO Jeff A. McQuillan, admitted its continuing breach of the Note, stating "couldn't get it done or paid in full by the 4th as requested," but failed to provide Lender with specific information as to when Armco would be satisfying the Note.

20. As a result, in a final attempt to amicably resolve this matter, Lender issued a final demand to Borrower dated September 9, 2020, affording Borrower until September 19, 2020 to either satisfy the Note, or provide Lender with certain documents and information reasonably requested by Lender if Borrower wished for Lender to consider modifying the

payment terms under the Note. A true and correct copy of Lender's September 9, 2020 letter is attached hereto as <u>Exhibit 4</u>.

21. Borrower ignored Lender's final outreach.

22. As of the date hereof, the present balance of principal, interest, and late fees due and owing by Borrower to Lender under the Note, excluding attorneys' fees, is Seventy-Two Thousand Nine Hundred Thirty and 00/100 Dollars ($72,930.00). Additional interest will accrue at the per diem rate of Thirty-Two and 05/100 Dollars ($32.05).

23. Lender's attorneys' fees incurred to date in connection with the enforcement of the Note, which are expressly recoverable thereunder, exceed Two Thousand Seventy and 00/100 Dollars ($2,070.00). Thus, the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

## COUNT I - BREACH OF CONTRACT

24. Plaintiff incorporates by reference each of the preceding paragraphs as if set forth herein at length.

25. Lender and Borrower are parties to a written contract; to wit, the Note.

26. As of the date of the filing of the instant complaint, Borrower failed to cure a maturity default, and remains in breach of its duties and obligations under the Note.

27. To the extent required, Lender issued notices of default to Borrower on June 17, 2020, August 28, 2020 and September 9, 2020.

28. As of the date hereof, the present sum due and owing under the Note, excluding attorneys' fees, is Seventy-Two Thousand Nine Hundred Thirty and 00/100 ($72,930.00). Additional interest will accrue at the per diem rate of Thirty-Two and 05/100 Dollars ($32.05).

WHEREFORE, Plaintiff, Radius Global Solutions LLC, respectfully requests that this Honorable Court enter judgment in its favor against Defendant ARMCO Partners, LLC in the amount of Seventy-Two Thousand Nine Hundred Thirty and 00/100 Dollars ($72,930.00), plus interest from and after September 22, 2020 at the per diem rate of Thirty-Two and 05/100 Dollars ($32.05) together with contractually mandated counsel fees which are presently in excess of Two Thousand Seventy and 00/100 Dollars ($2,070.00), costs and expenses.

        **SILVERANG, ROSENZWEIG & HALTZMAN, LLC**

        By: /s/ William C. Katz
          Mark S. Haltzman, Esquire
          William C. Katz, Esquire
          mhaltzman@sanddlawyers.com
          wkatz@sanddlawyers.com
          Attorney I.D. Nos: 38957/205086
          Woodlands Center
          900 E. 8th Ave., Suite 300
          King of Prussia, PA 19406

        **Attorneys for Plaintiff**